IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

LUIS BERRIOS-NIEVES,

   **Plaintiff,**

         v.                                CIVIL NO. 18-1164 (JAG)

EFRAIN FINES-NEVAREZ, *et al.*,

   **Defendants.**

MEMORANDUM AND ORDER

GARCIA GREGORY, D.J.

      Pending before the Court are co-Defendants Warner Chappell Music and Sony's ("Moving Defendants") unopposed Motion to Dismiss the Third Amended Complaint, Docket No. 107; and On Fire Music, Inc. and On Fire Music Publishing, Inc.'s ("OFM Defendants") Motion for Joinder and for Partial Dismissal, Docket No. 110. For the reasons stated below, Moving Defendants' Motion to Dismiss is hereby **GRANTED IN PART** and **DENIED IN PART**; OFM Defendants' Motion for Joinder is **GRANTED**; and OFM Defendants' Motion for Partial Dismissal is **GRANTED IN PART** and **DENIED IN PART**.

    I.    **Preemption of State Law Claims**

      Moving Defendants argue that the state law claims asserted against them—unjust enrichment and collection of money—are preempted by the Copyright Act. Docket No. 107 at 6-7, 12-17. The Court agrees.

Section 301(a)[1] of the Copyright Act preempts any state law claim for conduct governed by federal copyright law. 17 U.S.C. § 301(a); *see Cambridge Literary Prop., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. KG.*, 510 F.3d 77, 86 (1st Cir. 2007). "To avoid preemption, a cause of action defined by state law must incorporate elements beyond those necessary to prove copyright infringement, and must regulate conduct qualitatively different from the conduct governed by federal copyright law." *Alvarez Guedes v. Martinez*, 131 F. Supp. 2d 272, 279 (D.P.R. 2001) (quotation marks and citations omitted). A state action will not be preempted if it requires "an extra element, beyond mere copying, preparation of derivative works, performance, distribution or display" so that it is "qualitatively different from, and not subsumed within, a copyright infringement claim." *Id.* at 279-80 (citations omitted).

"Courts have generally concluded that the theory of unjust enrichment protects rights that are essentially 'equivalent' to rights protected by the Copyright Act; thus, unjust enrichment claims relating to the use of copyrighted material are generally preempted." *Netzer v. Continuity Graphic Assocs., Inc.*, 963 F. Supp. 1308, 1322 (S.D.N.Y. 1997) (collecting cases); *see also Weber v. Geffen Records*, Inc., 63 F. Supp. 2d 458, 463 (S.D.N.Y. 1999) (unjust enrichment claim relating to use of copyrighted material preempted); *Am. Movie Classics Co. v. Turner Entm't Co.*, 922 F. Supp. 926, 934 (S.D.N.Y. 1996) (same); *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 795 F. Supp. 501, 506 (D. Mass. 1992), aff'd, 36 F.3d 1147 (1st Cir. 1994) (same). Consistent with this general trend, this Court has

---

[1] "[A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 . . . and come within the subject matter of copyright as specified by sections 102 and 103 . . . are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." 17 U.S.C. § 301(a).

previously held that an unjust enrichment claim under Puerto Rico law based on the same conduct alleged to violate the Copyright Act is equivalent in substance to a copyright infringement claim and, therefore, preempted by the Copyright Act. *See, e.g., Amador v. McDonald's Corp.*, 601 F. Supp. 2d 403, 409 (D.P.R. 2009); *Alvarez Guedes*, 131 F. Supp. 2d at 280; *Cartagena Enter., Inc. v. EGC, Corp.*, Civ. No. 14-1500 (MEL), 2014 WL 6836723, at *4 (D.P.R. Dec. 3, 2014); *Torres-Negron v. Rivera*, Civ. No. 02-1728 (HL), 2005 WL 1308675, at *3 (D.P.R. May 18, 2005), on reconsideration in part, 413 F. Supp. 2d 84 (D.P.R. 2006).

In the case at bar, Plaintiff's unjust enrichment claim is based on the same conduct alleged to violate the Copyright Act and is, thus, preempted. First, the musical works at issue here clearly fall within the subject matter of copyright as defined by §§ 102 and 103. Second, the Third Amended Complaint contains no factual allegations in support of the unjust enrichment claim that are distinct from those alleged in support of the copyright claims. Plaintiff essentially alleges that Defendants' misattribution of ownership over the musical recordings allowed Defendants to be "unjustly enriched by the exploitation of [Plaintiff's] work and intellectual property." Docket No. 65 at 68. Thus, he is requesting, through state law, the vindication of a right that is equivalent to a right created by the Copyright Act. This is precisely the type of state law claim that the Copyright Act preempts. *See Cartagena Enter., Inc.*, 2014 WL 6836723, at *4.

This conclusion also applies to Plaintiff's collection of money claims. "[C]laims for an accounting or compensation due to a plaintiff's status as a co-owner are preempted by the Copyright Act as they are equivalent to the claims protected by the Copyright Act." *Cambridge Literary Prop., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. Kg.*, 448 F. Supp. 2d 244, 255-56 (D. Mass. 2006), aff'd, 510 F.3d 77; *see also Weber*, 63 F. Supp. 2d at 463 (state law accounting claim preempted because "plaintiff's basic claim is that because he is a co-author of the copyrighted material and a

co-owner of the copyrights, defendants' copyrights should not entitle them to the full bundle of privileges that attach to copyright ownership."); *Diamond v. Gillis*, 357 F. Supp. 2d 1003, 1009 (E.D. Mich. 2005) (accounting claim preempted by Copyright Act where it is based on claim that, "because he claims to be a co-author of the copyrighted material and a co-owner of the copyrights, anyone profiting must account to him.").

Accordingly, Plaintiff's claims against Moving Defendants based on unjust enrichment (Seventh Claim) and collection of money (Fourth Claim) are preempted by the Copyright Act. The same holds true of any such claims against a co-defendant when no contract exists between Plaintiff and that co-defendant. *Cambridge Literary Prop., Ltd.*, 510 F.3d at 81 n.1 ("Not all claims of co-ownership will arise under the Copyright Act . . . whether there is co-ownership may be determined by the terms of a contract governed by state law . . . and thus not require application of the Copyright Act."); *Merch. v. Levy*, 92 F.3d 51, 55 (2d Cir. 1996) ("Unlike a case where a dispute as to copyright ownership arises under an agreement between the parties, resolution of which depends on state contract law, copyright ownership by reason of one's status as a co-author of a joint work arises directly from the terms of the Copyright Act itself.") (citation omitted).

For these reasons, the Court holds that all claims for unjust enrichment, accounting of profits, and collection of money are preempted by the Copyright Act, unless the dispute arises under a contractual agreement. Plaintiff only alleged the existence of contracts with OFM Defendants, Efrain Fines Nevarez, and Ida Nevarez. Thus, the unjust enrichment, accounting of profits, and collection of money claims asserted against the remaining co-defendants are preempted by federal copyright law.

## II. Statute of Limitations

Moving Defendants further argue that all claims under copyright law—including those found preempted above—are time-barred pursuant to the Copyright Act's three-year statute of limitation. Docket No. 107 at 7, 18-24. The Court agrees in part.

The Copyright Act provides that copyright claims must be brought "within three years after the claim accrued." 17 U.S.C. § 507(b). "Under the Act, the cause of action accrues when a plaintiff knows or has reason to know of the act which is the basis of the claim." *Cambridge Literary Prop., Ltd.*, 510 F.3d at 81 (quotation marks and citation omitted). The First Circuit has held that a copyright claim based on co-authorship of musical recordings accrues "at the moment of their creation. After all, [a] co-author knows that he or she jointly created a work from the moment of its creation, and thus would have been aware at that time of a claim for co-ownership." *Id.* at 88 (quoting *Santa-Rosa v. Combo Records*, 471 F.3d 224, 228 (1st Cir. 2006)) (quotation marks omitted). Other courts apply a more claimant-friendly standard, wherein a copyright claim accrues after "plain and express repudiation of co-ownership is communicated to the claimant." *Santa-Rosa*, 471 F.3d at 228 (quoting *Zuill v. Shanahan*, 80 F.3d 1366, 1369 (9th Cir. 1996)).

Here, Plaintiff's allegations date back to 2009, well beyond the three-year limitations period. Pursuant to the First Circuit accrual standard, the copyright claims pertaining to albums that Plaintiff finished recording before March 25, 2015 are time-barred and must, therefore, be dismissed. Even under the more lenient standard, most of Plaintiff's claims would still be barred by § 507(b) "because there was plain and express repudiation of co-ownership from the fact that [Defendants] openly, and quite notoriously, sold [Plaintiff's] records without providing payment to him" more than three years prior to the commencement of the instant action. *Cambridge Literary Prop., Ltd.*, 510 F.3d at 88 (quoting *Santa-Rosa*, 471 F.3d at 228).

For these reasons, all copyright claims based on conduct occurring before March 25, 2015 are hereby **DISMISSED WITH PREJUDICE**.[2]

### III.   Trademark Infringement Claims

OFM Defendants move to dismiss Plaintiff's Sixth Claim, contending that this claim is an attempt to revive the trademark infringement claims dismissed by this Court on February 7, 2019. Docket No. 110 at 3; *see* Docket No. 51 at 8-15. The Court agrees. As such, the Court hereby **DISMISSES WITH PREJUDICE** the Sixth Claim in the Third Amended Complaint.

### IV.   Fair Labor Standards Act ("FLSA") Claims

OFM Defendants also note that the Third Amended Complaint contains allegations regarding rest periods, meal breaks, and failure to provide leave. Docket No. 110 at 3-4. This Court already held that failure to provide rest periods, meal breaks, or leave is not actionable under the FLSA. Docket No. 51 at 16-17. As such, to the extent that Plaintiff is attempting to revive any such claim, those are once again **DISMISSED WITH PREJUDICE**. Plaintiff's FLSA cause of action shall be limited to his overtime claims.

OFM Defendants further contend that any FLSA claim based on violations that occurred more than two years before the commencement of this action are time-barred. Docket No. 110 at 4, 7-8. The Court agrees in part. "Ordinary violations of the FLSA are subject to the general 2–year statute of limitations. To obtain the benefit of the 3–year exception, the [plaintiff] must prove that the employer's conduct was willful." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988).

---

[2] The Court reiterates that this holding does not apply to any dispute regarding copyright ownership arising under Plaintiff's contracts with OFM Defendants, Efrain Fines Nevarez, and Ida Nevarez. *See Merch.*, 92 F.3d at 55.

Plaintiff alleges that the FLSA violations were willful, Docket No. 65 at 61, so the three-year statute of limitations applies at this stage of the proceedings. As such, the Court hereby **DISMISSES WITH PREJUDICE** the FLSA overtime claims based on conduct occurring before March 25, 2015.

## CONCLUSION

For the aforementioned reasons, Moving Defendants' Motion to Dismiss is hereby **GRANTED IN PART** and **DENIED IN PART**; OFM Defendants' Motion for Joinder is **GRANTED**; and OFM Defendants' Motion for Partial Dismissal is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claims based on unjust enrichment (Seventh Claim) and collection of money (Fourth Claim) are preempted by the Copyright Act, except those claims arising under Plaintiff's contracts with OFM Defendants, Efrain Fines Nevarez, and Ida Nevarez. Moreover, the following claims are hereby **DISMISSED WITH PREJUDICE**:

- all copyright claims based on conduct occurring before March 25, 2015;
- the Sixth Claim in the Third Amended Complaint;
- any FLSA claim based on the failure to provide rest periods, meal breaks, or leave; and
- the FLSA overtime claims based on conduct occurring before March 25, 2015.

Partial Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 28th day of February, 2020.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge